**LEWIS BRISBOIS BISGAARD & SMITH LLP**
FLORENCE A. McCLAIN, SB# 203300
E-Mail: Florence.McClain@lewisbrisbois.com
DEBORAH SMITH, SB# 227169
E-Mail: Deborah.Smith@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant
A.O. SMITH CORPORATION

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors L.P.,

Plaintiff,

vs.

BROAN-NUTONE LLC; A.O. SMITH CORPORATION; and DOES 1-25, Inclusive,

Defendants.

**Civil Action No.:**

Lower Case No. 21CECG00269

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) DIVERSITY**

**[28 U.S.C. §§ 1441, 1446, 1332]**

Action Filed: January 29, 2021

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF CALIFORNIA CAPITAL INSURANCE COMPANY AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant A.O. SMITH CORPORATION (hereinafter "Defendant") hereby removes to this Court the State Court action described below:

**PLEADINGS**

1. On January 29, 2021, a Complaint for Damages ("Complaint") was filed in the Superior Court of the State of California in and for the County of

FRESNO entitled, *California Capital Insurance Company as subrogee of GSF Jackson Park Place Investors L.P. v. Broan-Nutone LLC; A.O. Smith Corporation; and Does 1-25, inclusive,* as Case Number 21CECG00269. ***A true and accurate copy of the Complaint is attached hereto as Exhibit "B."***

**TIMELINESS OF REMOVAL**

2. Defendant A.O. SMITH CORPORATION was served a copy of the Complaint in this matter on February 8, 2021. Defendant's removal is timely under 28 U.S.C. § 1446(b) as it is being filed within 30 days of receipt by Defendant, through service or otherwise, of a copy of the pleading from which it may be ascertained that the case is removable. ***A true and accurate copy of the Notice of Service of Process for the Complaint on A.O. Smith Corporation is attached hereto as Exhibit "F."***

**DIVERSITY JURISDICTION**

3. In addition, this is a civil action of which this District Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this District Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that this action involves a controversy between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as described below.

4. At the time of the filing of this action and the filing of this Notice of Removal, the Plaintiff CALIFORNIA CAPITAL INSURANCE COMPANY (hereinafter "Plaintiff") is an insurance carrier, fully licensed to do business as an insurance carrier in the State of California, were and are residents of the County of Monterey, State of California and were and are, therefore, citizens of the State of California. (*See* Exh. "B" (Complaint, paragraph 2.).

5. At the time of the filing of this action and the filing of this Notice of Removal, Defendant A.O. SMITH CORPORATION is incorporated in and a citizen of Wisconsin and does not have a principal place of business in California.

(*See* Exh. "B" (Complaint, paragraph 8.). As such, Defendant A.O. SMITH CORPORATION is not a citizen of California, but a citizen of Wisconsin.

6. At the time of filing of this action and the filing of this Notice of Removal, Defendant BROAN-NUTONE LLC (hereinafter "Broan") is incorporated in and a citizen of Delaware and does not have a principal place of business in California. (*See* Exh. "B" (Complaint, paragraph 5.). As such, Defendant BROAN-NUTONE LLC is not a citizen of California, but a citizen of Delaware.

7. Therefore, complete diversity of citizenship exists because Plaintiff resides in, and is a citizen of California; and the substantive Defendants in this action are incorporated in Wisconsin and Delaware and neither Defendants have Principal Places of Business in California, making them citizens of Wisconsin and Delaware respectively, and not California.

8. At issue is Plaintiff's claim for damages related to a fire loss at GSF Jackson Park Place Apartments located 1830 E. Fir Avenue, Building 1690, Unit 125, Fresno, California (hereinafter the "Subject Property") on or about March 14, 2019. The Complaint alleges that a fire loss occurred at the Subject Property causing substantial damages to real property as well as loss of business income in the current amount of $194,776.50. (*See* Exh. "B" (Complaint, paragraphs 12-13.)) Therefore, the Complaint itself demands damages that exceed the $75,000 amount in controversy required to establish jurisdiction in the United States District Court. 28 U.S.C. § 1441(b).

**INTRADISTRICT ASSIGNMENT**

9. The United States District Court for the EASTERN District of California embraces the district and division in which the FRESNO state court action is now pending, and thus this Court is a proper venue for the action pursuant to 28 U.S.C. § 84 (c)(1).

**CONSENT**

10. Defendant BROAN-NUTONE LLC has consented to the removal of

the State Court action to the United States District Court for the Eastern District of California.

**NOTICE OF REMOVAL**

11. Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel hereby certifies that a true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California, County of FRESNO, and served upon all parties.

12. In compliance with 28 U.S.C. § 1446(a), and as noted above, true and correct copies of all "process, pleadings, and orders" on file in the state court action are attached hereto as follows:

| EXHIBIT | DOCUMENT TITLE | DATE |
|---|---|---|
| A. | Civil Case Cover Sheet | January 29, 2021 |
| B. | Complaint | February 1, 2021 |
| C. | Blank Summons | February 1, 2021 |
| D. | Plaintiff's Notice of Posting Jury Fees | February 1, 2021 |
| E. | Notice of Case Management Conference and Assignment of Judge | February 1, 2021 |
| F. | Notice of Service of Process on A.O. Smith | February 8, 2021 |
| G. | Proof of Service of Summons on A.O. Smith Corporation | February 17, 2021 |
| H. | Proof of Service of Summons on Broan-Nutone LLC | February 17, 2021 |
| I. | Broan-Nutone, LLC's Answer to Complaint | March 8, 2021 |
| J. | Broan-Nutone, LLC's Proof of Service of Answer to Complaint | March 8, 2021 |

**WHEREFORE**, Defendant hereby notifies Plaintiff and their attorneys that the above-entitled action, formerly pending in the FRESNO County Superior Court has been removed from that court to this Court.

DATED: March 10, 2021

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ______________________

Florence A. McClain
Deborah Smith
Attorneys for Defendant
A.O. SMITH CORPORATION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4853-1451-6191.1
5
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) DIVERSITY

**FEDERAL COURT PROOF OF SERVICE**
*California Capital Insurance Company v.Broan-Nutone LLC, et al.*
Case No.

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.

On March 10, 2021, I served the following document(s): **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) DIVERSITY**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Sally Noma, Esq.<br>NOMA LAW FIRM<br>505 14th Street, Suite 900<br>Oakland CA 94612<br>Tel: (415) 493-0755 / Fax: (415) 889-6990<br>Email: sally@nomalaw.com | *Counsel for Plaintiff* |
| Peter S. Doody, Esq.<br>HIGGS FLETCHER & MACK LLP<br>401 West "A" Street, Suite 2600<br>San Diego, CA 92101<br>Tel: (619) 236-1551 / Fax: (619) 969-1410<br>Email: doody@higgslaw.com | *Counsel for Broan-Nutone LLC* |

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

☒ Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the

transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 10, 2021, at San Francisco, California.

Juvily P. Catig

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

# EXHIBIT A

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Sally Noma (SBN 264774)
NOMA LAW FIRM
505 14th Street Ste. 900, Oakland, CA 94612

TELEPHONE NO.: 415.493.0755 FAX NO. (Optional): 415.889.6990

ATTORNEY FOR (Name): Plaintiff California Capital Insurance Company

FOR COURT USE ONLY

E-FILED
1/29/2021 2:40 PM
Superior Court of California
County of Fresno
By: J. Nelson, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO**
STREET ADDRESS: 1130 O STREET
MAILING ADDRESS:
CITY AND ZIP CODE: FRESNO, CA 93721-2220
BRANCH NAME:

CASE NAME:
California Capital Ins. Co. a/s/o GSF Jackson Park Place Investors L.P. v. Broan-Nutone LLC, et al.

**CIVIL CASE COVER SHEET**

[x] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 21CECG00269

JUDGE:

DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Four
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 29, 2021

Sally Noma, Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

# EXHIBIT B

Sally Noma (SBN 264774)
**NOMA LAW FIRM**
505 14th Street Ste. 900
Oakland CA 94612
Telephone: (415) 493-0755
Facsimile: (415) 889-6990
sally@nomalaw.com

E-FILED
1/29/2021 2:40 PM
Superior Court of California
County of Fresno
By: J. Nelson, Deputy

Attorneys for Plaintiff CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors L.P.

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF FRESNO**

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>BROAN-NUTONE LLC; A. O. SMITH CORPORATION; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 21CECG00269<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(JURY DEMANDED)** |

Plaintiff, CALIFORNIA CAPITAL INSURANCE COMPANY, alleges as follows:

1. GSF Jackson Park Place Investors L.P. ("INSURED") is and was at all times mentioned herein the owner of Jackson Park Place Apartments, 1830 E. Fir Avenue, Building 1690, Unit 125, Fresno, CA 93720 ("SUBJECT PROPERTY").

2. Plaintiff, CALIFORNIA CAPITAL INSURANCE COMPANY ("CCIC") is an insurance carrier, fully licensed to do business as an insurance carrier in the State of California.

3.      At all times herein mentioned, Plaintiff insured the SUBJECT PROPERTY pursuant to a commercial property businessowners policy of insurance ("POLICY").

4.      At all times herein mentioned, the POLICY obligated Plaintiff to indemnify the INSURED against loss or damage to the SUBJECT PROPERTY for losses covered by the POLICY.

5.      Defendant BROAN-NUTONE LLC ("BROAN") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware and qualified to do business in California.  BROAN has not designated a principal place of business in California and sells/distributes its products in every County in the State of California. Therefore, for purposes of venue, BROAN may be sued in any County pursuant to the California Code of Civil Procedure Section 395(a).

6.      At all times herein mentioned, defendant BROAN was in the business of constructing, designing, manufacturing, assembling, distributing and selling residential ventilation products, including but not limited to exhaust fans.

7.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, an exhaust fan constructed, designed, manufactured, assembled, distributed and sold by BROAN, Model No. 688, was installed in the SUBJECT PROPERTY and used by the INSURED'S tenants ("SUBJECT FAN").

8.      Defendant A. O. SMITH CORPORATION ("A. O. SMITH") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Wisconsin and qualified to do business in California.  A. O. SMITH has not designated a principal place of business in California and sells/distributes its products in every County in the State of California. Therefore, for purposes of venue, A. O. SMITH may be sued in any County pursuant to the California Code of Civil Procedure Section 395(a).

9.      Defendant A. O. SMITH is in the business of constructing, designing, manufacturing, assembling, distributing and selling electric components, including but not limited to exhaust fan motor assemblies.

10. At all times herein mentioned, an UPPCO, Inc. brand fan motor assembly ("MOTOR") was installed in the SUBJECT FAN located at the SUBJECT PROPERTY. Plaintiff is informed and believes and thereon alleges that Defendant A. O. SMITH acquired UPPCO in March 1997, and Plaintiff therefore sues A. O. SMITH as the successor corporation.

11. The true names and capacities of the Defendants sued herein under Section 474 of the California Code of Civil Procedure as DOES 1 through 25 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named Defendants is responsible in some manner for the acts and damages suffered by plaintiff as herein alleged.

12. On or about March 14, 2019, a fire loss occurred at the SUBJECT PROPERTY, causing substantial damage to the INSURED'S real property as well as loss of business income.

13. Plaintiff is informed and believes and thereon alleges that the fire damage was caused by the internal failure of the MOTOR while installed in SUBJECT FAN located at the SUBJECT PROPERTY.

13. On behalf of the INSUREDS, Plaintiff CCIC has undertaken to repair the SUBJECT PROPERTY and has indemnified its INSURED for these damages. To the extent of the payments made under the insurance policy herein mentioned, Plaintiff is subrogated to the rights of the INSURED to recover its payments from Defendants. The total amount of the loss is in excess of the jurisdictional minimum of this Court and is currently $194,776.50. When additional payments are made, Plaintiff will request leave of the Court to amend this sum, according to proof. Pursuant to Civil Code Section 3287, et seq., Plaintiff is entitled to interest at the rate of ten percent (10%) per annum from the date of its payments.

**<u>FIRST CAUSE OF ACTION</u>**

**(Negligence – Against BROAN and DOES 1 through 10)**

14. Plaintiff incorporates the allegations contained in Paragraphs 1 through 13 herein.

15. Defendants BROAN and Does 1 through 10 had a duty to use reasonable care in the constructing, designing, manufacturing, assembling, distributing and selling of the SUBJECT FAN.

16. Defendants breached said duty by negligently constructing, designing, manufacturing, assembling, distributing and selling the SUBJECT FAN such that it was defective when it left Defendants' control.

17. On or about March 14, 2019, a fire loss at the SUBJECT PROPERTY occurred when the MOTOR installed in the SUBJECT FAN experienced internal failure to the negligence of Defendants, resulting in extensive damage to the SUBJECT PROPERTY.

18. As a direct and proximate result of Defendants' negligence, the INSURED suffered damage to its real and business personal property and loss of income.

**SECOND CAUSE OF ACTION**

**(Strict Liability-Products Liability – Against BROAN and DOES 1 through 10)**

19. Plaintiff hereby incorporates all of the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

20. At all times herein mentioned, defendants, BROAN and Does 1 through 10 knew and intended that the SUBJECT FAN installed in the SUBJECT PROPERTY would be purchased by members of the public and used by the purchasers without inspection for defects.

21. The SUBJECT FAN was defective when it left defendants' control. At all times herein mentioned, the INSURED used the SUBJECT FAN in the manner intended by defendants or in a reasonably foreseeable manner.

22. The defect in the SUBJECT FAN was a substantial cause of the fire damage that occurred at the INSURED'S property. The fire resulted in substantial damage to the INSURED'S real property as well as loss of business income.

**THIRD CAUSE OF ACTION**

**(Negligence – Against A. O. SMITH and DOES 11 through 20)**

23. Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 herein.

24. Defendants A. O. SMITH CORPORATION and Does 11 through 20, had a duty to use reasonable care in the constructing, designing, manufacturing, assembling, distributing and selling of the MOTOR.

25. Defendants breached said duty by negligently constructing, designing, manufacturing, assembling, distributing and selling the MOTOR.

26. As a proximate result of Defendants A. O. SMITH and Does 11 through 20 Plaintiff has been damaged in the manner alleged above.

**FOURTH CAUSE OF ACTION**

**(Strict Liability-Products Liability – Against A. O. SMITH and DOES 11 through 20)**

27. Plaintiff hereby incorporates all of the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

28. At all times herein mentioned, plaintiff is informed and believes and thereon alleges that Defendant A. O. SMITH CORPORATION was in the business of the business of constructing, designing, manufacturing, assembling, distributing and selling electric components, including the MOTOR.

29. The MOTOR was defective when it left Defendant's control. At all times herein mentioned, the INSURED used the MOTOR in the manner intended by Defendants or in a reasonably foreseeable manner.

30. The defect in the MOTOR proximately caused the fire loss at the SUBJECT PROPERTY. The fire resulted in substantial damage to the INSURED'S real property as well as loss of business income.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages in excess of the jurisdictional minimum of this Court expected to exceed $194,776.50 and other amounts according to proof;

2. For interest at ten percent (10%) per annum from the date of payment.

3. For such other and further relief as the Court may deem just and proper.

Date: January 29, 2021

**NOMA LAW FIRM**

By: ______________________________

Sally Noma, Esq.
Attorney for Plaintiff

# EXHIBIT C

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E-FILED
2/1/2021
Superior Court of California
County of Fresno
By: J. Nelson, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Broan-Nutone LLC; A.O. Smith Corporation; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

California Capital Insurance Company as subrogee of GSF Jackson Park Place Investors L.P.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Fresno Superior Court
1130 O Street
Fresno, CA 93721

CASE NUMBER: *(Número del Caso):*
21CECG00269

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sally Noma; NOMA LAW FIRM 505 14th Street Ste. 900, Oakland, CA 94612

DATE: *(Fecha)* 2/1/2021 Clerk, by *(Secretario)* J. Nelson [signature], Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT D

Sally Noma (SBN 264774)
**NOMA LAW FIRM**
505 14th Street Ste. 900
Oakland CA 94612
Telephone: (415) 493-0755
Facsimile: (415) 889-6990
sally@nomalaw.com

E-FILED
2/1/2021 2:42 PM
Superior Court of California
County of Fresno
By: J. Nelson, Deputy

Attorneys for Plaintiff CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors L.P.

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF FRESNO**

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>BROAN-NUTONE LLC; A. O. SMITH CORPORATION; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 21CECG00269<br><br>**PLAINTIFF'S NOTICE OF POSTING JURY FEES** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff California Capital Insurance Company posts jury fees in the amount of $150.00.

Date: February 1, 2021

**NOMA LAW FIRM**

By: ______________________
Sally Noma, Esq.
Attorney for CALIFORNIA CAPITAL INSURANCE COMPANY

# EXHIBIT E

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>2/1/2021<br><br>**Filed by Court** |
|---|---|
| TITLE OF CASE:<br>**California Capital Insurance Company as subrogee of GSF Jackson Park Place Inves vs. Broan-Nutone Llc** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**21CECG00269** |

**To All Parties and their Attorneys of Record: Sally Noma**

This case has been assigned to **Kristi Culver Kapetan**, Judge for **all purposes**.
All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **06/10/2021** at **3:30 PM** in **Department 402** of the court located at 1130 "O" Street**, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aid office (*listed in the phone book*).

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date: **2/1/2021** Clerk, by **Jamie Nelson** , Deputy

# EXHIBIT F



null / ALL
Transmittal Number: 22725722
Date Processed: 02/09/2021

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Debra Schwanda<br>A.O. Smith Corporation<br>11270 West Park Place<br>Milwaukee, WI 53224-3623 |

| | |
|---|---|
| **Entity:** | A. O. Smith Corporation<br>Entity ID Number 0562719 |
| **Entity Served:** | A.O. Smith Corporation |
| **Title of Action:** | California Capital Insurance Company as Subrogee of GSF Jackson Park Place Investors L.P. vs. Broan-Nutone LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Fresno County Superior Court, CA |
| **Case/Reference No:** | 21CECG00269 |
| **Jurisdiction Served:** | Wisconsin |
| **Date Served on CSC:** | 02/08/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Sally Noma<br>415-493-0755 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

DANE COUNTY LEGAL NOTICE
SERVED BY: Mike Foley
ON 2 / 8 /21 / AT 14:04 M

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E-FILED
2/1/2021
Superior Court of California
County of Fresno
By: J. Nelson, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Broan-Nutone LLC; A.O. Smith Corporation; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

California Capital Insurance Company as subrogee of GSF Jackson Park Place Investors L.P.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Fresno Superior Court
1130 O Street
Fresno, CA 93721

CASE NUMBER: *(Número del Caso):*
21CECG00269

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sally Noma; NOMA LAW FIRM 505 14th Street Ste. 900, Oakland, CA 94612

DATE: *(Fecha)* 2/1/2021 Clerk, by *(Secretario)* J. Nelson , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]
SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: A.O. Smith Corporation

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT G

| Attorney or Party without Attorney: SALLY NOMA (#SBN 264774) NOMA LAW FIRM 505 14TH STREET SUITE 900 OAKLAND, CA 94612 Telephone No: 415-493-0755 | | | | For Court Use Only |
|---|---|---|---|---|
| Attorney For: Plaintiff | | Ref. No. or File No.: | | E-FILED 2/17/2021 8:45 AM Superior Court of California County of Fresno By: J. Nelson, Deputy |
| Insert name of Court, and Judicial District and Branch Court: SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO | | | | |
| Plaintiff: CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors L.P. Defendant: BROAN-NUTONE LLC; et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number: ~~20CECG00269~~ 21CECG00269 |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CIVIL CASE COVER SHEET; COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES; PLAINTIFF'S NOTICE OF POSTING JURY FEES; ADR INFORMATION PACKET

3. a. *Party served:* A.O. Smith Corporation
   b. *Person served:* John Long, Corporation Service Company, Registered Agent for Service of Process.

4. *Address where the party was served:* 8040 EXCELSIOR DRIVE SUITE 400, MADISON, WI 53701

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Feb 08 2021 (2) at *(time)*: 02:04 PM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)**:

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: A.O. Smith Corporation
   under the following Code of Civil Procedure section:
   [X] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] other:
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)

| *Attorney or Party without Attorney:*<br>SALLY NOMA (#SBN 264774)<br>NOMA LAW FIRM<br>505 14TH STREET SUITE 900<br>OAKLAND, CA 94612<br>*Telephone No:* 415-493-0755<br>*Attorney For:* Plaintiff | *Ref. No. or File No.:* | *For Court Use Only* |
|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO | | |
| *Plaintiff:* CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors L.P.<br>*Defendant:* BROAN-NUTONE LLC; et al. | | |

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>20CECG00269 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Michael P. Foley
   b. Address: **FIRST LEGAL**
      1202 Howard Street
      SAN FRANCISCO, CA 94103
   c. Telephone number: (415) 626-3111
   d. **The fee** for service was: $254.81
   e. I am:
      (1) [X] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [ ] a registered California process server:
         (i) [ ] owner [ ] employee [ ] independent contractor
         (ii) Registration No:
         (iii) County:

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

02/09/2021
*(Date)*

*Michael P. Foley*

# EXHIBIT H

| *Attorney or Party without Attorney:* SALLY NOMA (#SBN 264774) NOMA LAW FIRM 505 14TH STREET SUITE 900 OAKLAND, CA 94612 *Telephone No:* 415-493-0755 *Attorney For:* Plaintiff | *Ref. No. or File No.:* | ***For Court Use Only*** E-FILED 2/17/2021 8:45 AM Superior Court of California County of Fresno By: J. Nelson, Deputy |
|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:* SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO | | |
| *Plaintiff:* CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors L.P. *Defendant:* BROAN-NUTONE LLC; et al. | | |

| PROOF OF SERVICE SUMMONS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 21CECG00269 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CIVIL CASE COVER SHEET; COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES; PLAINTIFF'S NOTICE OF POSTING JURY FEES; ADR INFORMATION PACKET

3. *a. Party served:* Broan-Nutone LLC
   *b. Person served:* SUSIE VANG, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT FOR SERVICE OF PROCESS

4. *Address where the party was served:* 2710 GATEWAY OAKS DRIVE SUITE 150N, SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Fri, Feb 05 2021 (2) at *(time)*: 03:40 PM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: Broan-Nutone LLC
   under the following Code of Civil Procedure section:
   [ ] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [X] other: LLC
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)

| *Attorney or Party without Attorney:* SALLY NOMA (#SBN 264774) NOMA LAW FIRM 505 14TH STREET SUITE 900 OAKLAND, CA 94612 *Telephone No:* 415-493-0755 *Attorney For:* Plaintiff | *Ref. No. or File No.:* | | | ***For Court Use Only*** |
|---|---|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:* SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO | | | | |
| *Plaintiff:* CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors L.P. *Defendant:* BROAN-NUTONE LLC; et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 20CECG00269 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   - a. Name: Jacobbi Williams
   - b. Address: **FIRST LEGAL** 1202 Howard Street SAN FRANCISCO, CA 94103
   - c. Telephone number: (415) 626-3111
   - d. **The fee** for service was: $135.27
   - e. I am:
     - (1) [ ] not a registered California process server.
     - (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
     - (3) [X] a registered California process server:
       - (i) [ ] owner [ ] employee [X] independent contractor
       - (ii) Registration No: 1314, Alameda County
       - (iii) County: Alameda

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

02/05/2021 — *(Date)*

*Jacobbi Williams*

# EXHIBIT I

PETER S. DOODY, ESQ. (Bar No. 127653)
doody@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendant
BROAN-NUTONE, LLC.

E-FILED
3/8/2021 1:51 PM
Superior Court of California
County of Fresno
By: A. Ramos, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO**

CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors, L.P.,

Plaintiff,

v.

BROAN-NUTONE, LLC; A.O. SMITH CORPORATION; and DOES 1-25, inclusive,

Defendants.

CASE NO. 21CECG00269

**BROAN-NUTONE, LLC'S ANSWER TO COMPLAINT**

| | |
|---|---|
| DEPT: | 402 |
| IC JUDGE: | Hon. Kristi Culver Kapetan |
| CASE FILED: | January 29, 2021 |
| TRIAL DATE: | Not Set |

**COMES NOW** defendant BROAN-NUTONE, LLC (“Defendant”) and in answering plaintiff CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors, L.P.'s (“Plaintiff”) complaint (the “Complaint”), admits, denies and alleges as follows:

1. Pursuant to California Code of Civil Procedure §431.30, the Defendant generally denies each and every allegation of the Complaint and each and every paragraph thereof and each and every cause of action thereof and further denies that Plaintiff sustained any damages in the sum or sums alleged or in any other sum or sums whatsoever, or at all, and further denies that Plaintiff is entitled to any damages by way of this action in any amount whatsoever.

As for affirmative defenses to each and every cause of action of the Complaint, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that Plaintiff's complaint fails to state facts sufficient to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Plaintiff's Negligence)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that Plaintiff was careless and negligent and, due to this carelessness and negligence, proximately caused and contributed to the injuries and damages complained of, if any. Accordingly, the pro rata share of fault of Plaintiff reduces the recovery of damages, if any, by Plaintiff against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Third Party Negligence)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that the negligence, carelessness, and other acts or omissions of other persons and entities proximately caused or contributed to Plaintiff's injuries or damages, if any.

The negligence, carelessness, and other acts or omissions of other persons or entities account for all or a portion of the casual or contributory factors relating to Plaintiff's injuries and damages, if any, and/or constitute supervening and/or intervening causes of Plaintiff's injuries and damages, if any. Thus, such conduct of said other parties reduces the recovery of damages, if any, by Plaintiff against Defendant.

/ / /

/ / /

/ / /

/ / /

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that Plaintiff is barred from asserting any claim against Defendant by reason of the fact that Plaintiff assumed the risk of the matters that caused the injuries and damages incurred, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that Plaintiff failed to take reasonable efforts to mitigate the damages that allegedly were incurred.

**SIXTH AFFIRMATIVE DEFENSE**

**(Misuse)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that the injuries and damages sustained by Plaintiff, if any, were proximately caused and/or contributed to by misuse of the products in question by Plaintiff and/or by other parties. Defendant further alleges that if Plaintiff sustained injuries or damages attributable to the use of any products manufactured, labeled, or sold by Defendant, which allegations are expressly denied, then the injuries and damages, if any, were solely caused by and attributable to the unreasonable, unforeseeable, and improper use of the products by Plaintiff and/or by other parties.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Modification and/or Alteration)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that Plaintiff and/or others modified, altered, and changed the products referred to in Plaintiff's complaint, so that such changes in said products proximately caused the injuries, loss, and damages complained of, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

**(State-of-the-Art Defense)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that any product manufactured, labeled, or sold by it as alleged in Plaintiff's complaint conformed to all applicable industry standards and met the state of the art existing at the time of the sale.

**NINTH AFFIRMATIVE DEFENSE**

**(Benefits Exceed Risk)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that, in light of all relevant factors, on balance, the benefits of the design of any product(s) alleged to have caused any injuries to Plaintiff outweigh the risk and danger, if any, inherent in the said design of any said product(s).

**TENTH AFFIRMATIVE DEFENSE**

**(Reasonable and Adequate Labeling and Warning)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that any and all products manufactured, labeled, or sold by Defendant were accompanied by good and sufficient labeling when such products left the custody, possession, and control of Defendant, which labeling gave conspicuous, reasonable, and adequate warnings and directions to the users of such products concerning the purpose, manner, and precautions with which such products were to be used and concerning the risks and dangers, if any, attendant to said use. Defendant thereby fulfilled its duty, if any, to Plaintiff. If Plaintiff sustained injuries or damages attributable to the use of any products manufactured by Defendant, which allegations are expressly denied, then the injuries and damages, if any, were solely caused by and attributable to the unreasonable, unforeseeable, and improper use of the product by Plaintiff and/or by other parties. The injuries

/ / /

/ / /

and damages sustained by Plaintiff, if any, were proximately caused and/or contributed to by the use of the alleged products in disregard of warnings and directions, which use was not reasonably foreseeable to Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Proportionate Liability)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that in the event Plaintiff is entitled to noneconomic damages, including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, and/or injury to reputation and humiliation, Defendant shall be liable only for the amount of noneconomic damages, if any, allocated to Defendant's percentage of fault, and a separate judgment shall be rendered against Defendant for the amount pursuant to Civil Code section 1431.2.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Reasonable Reliance)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that Plaintiff did not reasonably rely on any act, omission, or representation of Defendant, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Defective Condition)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that if Plaintiff was injured by any product manufactured, labeled, or sold by Defendant, such product was not in a defective condition when it left Defendant's possession, custody, and control.

/ / /

/ / /

/ / /

/ / /

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Regulatory Compliance)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that every aspect of the subject exhaust fan was in compliance with all applicable laws.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Inspect)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that Plaintiff, persons, or entities other than Defendant failed to inspect the products identified in the complaint prior to their use.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Causes Beyond Defendant's Control)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that any foreseeable and unreasonable risk that is the subject of this litigation was a risk which Defendant did not create and/or could not reduce or eliminate.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Nondelegable Duty of Others)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that it cannot be held liable to Plaintiff because Defendant is informed and believes and thereon alleges that other parties owed a nondelegable duty of care to Plaintiff, which duty, if breached at all, was not breached through any conduct legally attributable to this answering defendant.

/ / /

/ / /

/ / /

/ / /

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Duty)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that Plaintiff's complaint, and each and every cause of action thereof, are barred because Defendant did not owe a duty of care to Plaintiff or to a class like Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes and thereon alleges that the acts and omissions of Defendant alleged in Plaintiff's claims for relief were not a proximate cause of the loss or damage for which Plaintiff seeks recovery.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Proposition 51)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant asserts that, pursuant to Civil Code section 1431.2, commonly referred to as Proposition 51, there is no joint and several liability among culpable defendants pertaining to any award of general damages. Pursuant to Civil Code section 1431.2, each defendant shall be liable only for the amount of noneconomic damages allocated to that defendant in direct proportion to that defendant's percentage of fault.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Privity)**

As a separate affirmative defense to the complaint on file herein, and to teach and every cause of action contained therein, Defendant is informed and believes, and on that basis alleges, that Plaintiff's alleged claims for breach of an express and/or implied warranty are barred by lack of privity.

/ / /

/ / /

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Disclaimer)**

As a separate affirmative defense to the complaint on file herein, and to teach and every cause of action contained therein, Defendant is informed and believes, and on that basis alleges that Plaintiff's claims for breach of an express and/or implied warranty are barred by disclaimers.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Warranty, Express or Implied)**

As a separate affirmative defense to the complaint on file herein, and to teach and every cause of action contained therein, Defendant is informed and believes, and on that basis alleges that Plaintiff's claims for breach of an express and/or implied warranty are barred because no warranties exist, express or implied.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Agency)**

As a separate affirmative defense to the Complaint on file herein, and to each alleged cause of action set down therein, this answering defendant is informed and believes and thereon alleges that it was not the agent of any other defendants with respect to any of the acts alleged in Plaintiff's Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a separate affirmative defense to the Complaint on file herein, and to each and every cause of action set down therein, Defendant alleges that the acts of Plaintiff have acted as a waiver of any claim against Defendant.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Spoliation)**

As a separate affirmative defense to the Complaint on file herein, and to each and every cause of action set down therein, Defendant alleges that recovery is barred by spoliation of evidence.

/ / /

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

As a separate affirmative defense to the complaint on file herein, and to each and every cause of action thereof, Defendant is informed and believes, and on that basis alleges, that it presently has insufficient knowledge or information as to whether it may have additional, and as yet unstated, affirmative defenses available. This answering defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that such defenses are appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing from Defendant by virtue of the Complaint herein;
2. That Defendant be awarded costs of suit and attorneys' fees herein; and
3. That Defendant be granted such other and further relief as the Court may deem just and proper.

DATED: March 8, 2021

HIGGS FLETCHER & MACK LLP

By: [signature]

PETER S. DOODY
Attorneys for Defendant
BROAN-NUTONE, LLC.

# EXHIBIT J

PETER S. DOODY, ESQ. (Bar No. 127653)
doody@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendant
BROAN-NUTONE, LLC.

E-FILED
3/8/2021 1:51 PM
Superior Court of California
County of Fresno
By: A. Ramos, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO**

CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of GSF Jackson Park Place Investors, L.P.,

Plaintiff,

v.

BROAN-NUTONE, LLC; A.O. SMITH CORPORATION; and DOES 1-25, inclusive,

Defendants.

CASE NO. 21CECG00269

PROOF OF SERVICE

DATE:
TIME:
DEPT: 402
IC JUDGE: Hon. Kristi Culver Kapetan

CASE FILED: January 29, 2021
TRIAL DATE: Not Set

I, the undersigned, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within-entitled action; my business address is 401 West "A" Street, Suite 2600, San Diego, California 92101-7913. On March 8, 2021, I served the within documents, with all exhibits (if any):

**BROAN-NUTONE, LLC'S ANSWER TO COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via electronic service through ONE LEGAL the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☐ ONLY BY ELECTRONIC TRANSMISSION: Only by emailing the document(s) to the person(s) at the email address(es) listed based on notice provided that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore only using electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after transmission.

| | |
|---|---|
| Sally Noma, Esq.<br>NOMA LAW FIRM<br>505 14th Street, Suite 900<br>Oakland, CA 94612 | *Attorney for Plaintiffs*<br><br>T: 415.493.0755<br>F: 415.889-6990<br><br>Email: sally@nomalaw.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 8, 2021, at San Diego, California.

Dawn M Richardson

Dawn M. Richardson