UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>BROAN-NUTONE, LLC, et al.,<br><br>Defendants. | No. 1:21-cv-00388-NONE-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT A. O. SMITH CORPORATION'S MOTION TO DISMISS**<br><br>**[Doc. 6]**<br><br>**[THIRTY-DAY OBJECTION DEADLINE]** |

Plaintiff California Capital Insurance Company (hereinafter "CCIC") as subrogee of GSF Jackson Park Place Investors L.P. initiated this action by filing a complaint on January 29, 2021, against Defendants Broan-Nutone, LLC, (hereinafter "Broan") and A.O. Smith Corporation (hereinafter "Smith") in the Fresno County Superior Court. (Doc. 1.) Defendant Smith removed the action to this Court on March 10, 2021, pursuant to 28 U.S.C. § 1441(b) based on diversity. (Doc. 1.) Plaintiff contends that a fan motor assembly manufactured by Defendant Smith and installed in an exhaust fan constructed, designed, manufactured, assembled, distributed and sold by Defendant Broan, failed and caused a fire which resulted in substantial damage to property insured by Plaintiff CCIC. (Doc. 1 at 13-14.) Plaintiff asserts causes of action for: 1) negligence; and 2) strict products liability. (Doc. 1 at 14-16.) Plaintiff seeks compensatory damages for costs of repairs to the subject property, plus interest from the date of its payments. (Doc. 1 at 16-17.)

On March 17, 2021, Defendant Smith filed a motion to dismiss on the ground that this Court lacks jurisdiction over it. (Doc. 6.)  Plaintiff CCIC filed an opposition on April 1, 2021. (Doc. 9.)  Defendant Smith filed its reply on April 8, 2021. (Doc. 10.)

On October 18, 2021, the pending motion to dismiss was referred to the undersigned for preparation of Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.     DISCUSSION**

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action for lack of personal jurisdiction.  In opposing such a motion, the burden of proof to show that jurisdiction is appropriate lies with the plaintiff.  See Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015); Love v. Associated Newspapers, Ltd., 611 F.3d 601, 608 (9th Cir. 2010); Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008).  When a defendant's motion to dismiss is to be decided on the pleadings, affidavits, and discovery materials, the plaintiff need only make a prima facie showing that personal jurisdiction exists in order for the action to proceed.  See Picot, 780 F.3d at 1211; Love, 611 F.3d at 608; Boschetto, 539 F.3d at 1015.

In determining whether plaintiff has met his burden to show personal jurisdiction, the court accepts plaintiff's allegations as true, and any conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. Love, 611 F.3d at 608; Boschetto, 539 F.3d at 1015; Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). In meeting its burden, however, a plaintiff "cannot simply rest on the bare allegations of its complaint." Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993); see also Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (same).  "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." Core-Vent Corp., 11 F.3d at 1484; see also Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis

2

not inconsistent with the Constitution of this state or of the United States."); Love, 611 F.3d at 608–09. Thus, only constitutional principles constrain the jurisdiction of a federal court in California. See Love, 611 F.3d at 608–09; Boschetto, 539 F.3d at 1015; Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

Under the Fourteenth Amendment's Due Process Clause, courts may exercise personal jurisdiction over nonresident defendants only so long as there exist sufficient "minimum contacts" between the defendant and the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); see also Ranza v. Nike, Inc., 793 F.3d 1059, 1068 (9th Cir. 2015); Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003). Maintenance of the suit must "not offend traditional notions of fair play and substantial justice." Yahoo!, 433 F.3d at 1205 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).  Generally, there are two different types of personal jurisdiction which meet this due process standard: general jurisdiction and specific jurisdiction. Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., __ U.S. __, 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021); Bristol-Myers Squibb Co. v. Superior Court, 137 S.Ct. 1773, 1779-80 (2017); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n.15, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Picot, 780 F.3d at 1211.  Here, Defendant Smith contends the Court lacks both general and specific personal jurisdiction over it. (Doc. 6 at 2-9.)  In its opposition, Plaintiff does not dispute that the Court lacks general personal jurisdiction; Plaintiff claims, however, that the Court has specific personal jurisdiction. (Doc. 9 at 2-4.)

A. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) (quoting Int'l Shoe, 326 U.S. at 317, 66 S.Ct. 154); see also Ford Motor Co., 141 S. Ct. at 1024. "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'" Daimler AG v. Bauman, 571 U.S. 117, 137,

3

134 S.Ct. 746, 187 L.Ed.2d 624 (2014) (internal citation omitted); see also Ford Motor Co., 141 S.Ct. at 1024.  Thus, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." Cahen v. Toyota Motor Corp., 147 F. Supp. 3d 955, 965 (N.D. Cal. 2015) (quoting Daimler AG, 571 U.S. at 139 n.20, 134 S.Ct. 746).

Here, Defendant Smith is a Delaware corporation with its principal place of business in Milwaukee, Wisconsin. (Doc. 6-2 at 2.) Thus, Defendant Smith is "at home" in Delaware and Wisconsin, and subject to general personal jurisdiction there. Defendant Smith's "affiliations with [California] are [not] so 'continuous and systematic' as to render [it] essentially at home" in California to support general jurisdiction. Goodyear, 564 U.S. at 919 (quoting Int'l Shoe, 326 U.S. at 317). Therefore, the Court should decline to exercise general jurisdiction over Defendant Smith. Plaintiff CCIC does not contend otherwise in its opposition.

### B.    Specific Jurisdiction

Specific jurisdiction exists where the litigation is derived from obligations that "arise out of or are connected with the [company's] activities within the state." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In determining whether a court has specific jurisdiction over a non-resident defendant, the Ninth Circuit has set forth a three-pronged test for determining whether a defendant has sufficient minimum contacts with the forum state:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1142 (9th Cir. 2017) (citing Schwarzenegger, 374 F.3d at 802); see also Picot, 780 F.3d at 1211; Williams v. Yamaha Motor Co. Ltd., 851 F.3d 1015, 1023 (9th Cir. 2017).  Plaintiff has the burden of establishing the first two of these prongs, and a "strong showing on one axis will permit a lesser showing on the other." Yahoo!, 433 F.3d at

4

1210. "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." Schwarzenegger, 374 F.3d at 802. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)); see also CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011); Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988).

### 1. Purposeful Availment and Direction

Under the first prong of the three-part specific jurisdiction test, a plaintiff must establish that the defendant either *purposefully availed* itself of the privilege of conducting activities in California, or *purposefully directed* its activities toward California. Schwarzenegger, 374 F.3d at 802 (emphasis added). Purposeful availment and purposeful direction are two distinct concepts. Id. Where the cause of action at issue lies in intentional tort, courts analyze the purposeful direction factor using the "Calder effects" test. See Schwarzenegger, 374 F.3d at 802, 805 (citing Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)); Holland Am. Line, Inc. v. Wartsila N. Am., Inc., 485 F.3d 450 (9th Cir. 2007). Because Plaintiff's action is based upon strict products liability and negligence (see Doc. 1 at 9-17), this Court applies the "purposeful availment" framework. Burger King, 471 U.S. at 476.

Under the purposeful availment framework, the Court asks whether a defendant has "'deliberately engaged in significant activities within a State" such that it "has availed [it]self of the privilege of conducting business there." Burger King, 471 U.S. at 476. The contacts must be the defendant's own choice and not "random, isolated, or fortuitous." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). They must show that the defendant deliberately "reached out beyond" its home -- by, for example, "exploi[ting] a market" in the forum State or entering a contractual relationship centered there. Walden v. Fiore, 571 U.S. 277, 285, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014) (internal quotation marks and alterations omitted). "Yet even then -- because the defendant is not 'at home' -- the forum State may exercise jurisdiction in only certain cases." Ford Motor Co., 141 S.Ct. at 1025.

In determining whether a company had purposefully availed itself of the privilege of doing business in a state, courts have looked at the "stream of commerce plus" theory identified in <u>Asahi Metal Indus. Co. v. Superior Court of California, Solano City.</u>, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). In <u>Asahi</u>, the Supreme Court held that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." <u>Asahi</u>, 480 U.S. at 112, 107 S.Ct. 1026. However, the Court recognized that additional conduct such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State," could be sufficient. <u>Id</u>. Whether the "additional conduct" alleged is sufficient to constitute purposeful availment is a case-by-case analysis particular to each Defendant.

According to the sworn declarations supplied by Defendant Smith, in 1997, Defendant Smith acquired all of the operational facilities and assets of Uppco, Inc. (Doc. 6-2 at 2.) Prior to 1997, Uppco, Inc., and following the acquisition, Defendant Smith, manufactured fractional horsepower motors that were sold to Defendant Broan for inclusion in exhaust fans. (Doc. 6-2 at 2.) Defendant Smith does not have any manufacturing facilities or administrative offices in the State of California. (Doc. 6-2 at 2.) Neither Defendant Smith nor Uppco, Inc., manufactured the motors sold to Defendant Broan in California. (Doc. 6-2 at 2.) Defendant Smith did not design, manufacture, or develop any of the electric motor component parts sold to Defendant Broan in the state of California. (Doc. 6-2 at 2.) Defendant Smith did not engage in the design, development, manufacturing or testing of electric motor components in California. (Doc. 6-2 at 3.) Defendant Smith claims to have no record of any shipments of motors being made to Defendant Broan in California. (Doc. 6-2 at 3.) Defendant Smith did not participate in the final sale or assembly of the subject exhaust fan or of any Defendant Broan product. (Doc. 6-2 at 3.) Thus, Defendant Smith placed its product - its fan motor assembly components - in the stream of commerce, but it cannot be said that Defendant Smith purposefully directed its product toward California. Defendant Smith did not avail itself of the privilege of doing business in California because the placement of

its fan motor assembly into the hands of individual consumers was a result of third-party action, not Defendant Smith's action.

Other courts have found that a company purposefully avails itself of the forum state when it takes action to "target" that specific state. Rodoni v. Royal Outdoor Prod., Inc., 2019 WL 2300400, at *5 (D. Mont. May 30, 2019) (citing Moseley v. Suzuki Motor of Am., Inc., 2018 WL 539330, at *2 (D. Idaho Jan. 24, 2018)); see J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 877, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011) (finding that specific jurisdiction was lacking where "at no time had [the defendant] advertised in, sent goods to, or in any relevant sense targeted the State.") (emphasis added). There is nothing in the moving papers showing that Defendant Smith targeted California in any way with its design, manufacture, and sale of the fan motor assembly components. In light of Defendant Smith's lack of any activity in California, the Court finds that Defendant Smith did not deliberately avail itself of the privilege of doing business in California.

### 2. Direct Relationship

"In order for a state court to exercise specific jurisdiction, the plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum. Bristol-Myers, 582 U. S., at –– ––, 137 S.Ct., 1780 (quoting Daimler AG, 571 U.S., at 127, 134 S.Ct. 746; alterations omitted); see, e.g., Burger King, 471 U.S., at 472, 105 S.Ct. 2174; Helicopteros Nacionales de Colombia, 466 U.S. at 414; International Shoe, 326 U.S. at 319. "[T]here must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" Bristol-Myers, 137 S.Ct. at 1780 (quoting Goodyear, 564 U.S. at 919). In determining when a plaintiff's claims arise out of a defendant's forum-related conduct, the Ninth Circuit follows the "but for" test. Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007). In other words, Plaintiff "must show that he would not have suffered an injury 'but for' [Defendant]'s forum-related conduct." Id.

As previously noted, Defendant Smith lacks any significant contacts with California. Defendant Smith did not design, assemble, manufacture, or test its fan motor assembly in California. Nor did it ship any of its fan motors to Defendant Broan in California, or participate in the final assembly, marketing and sale of Defendant Broan's exhaust fan in California. Given

these circumstances, Plaintiff fails to demonstrate that it would not have sustained its injury but for Defendant Smith's actions.

For the foregoing reasons, the Court finds that Plaintiff has failed to carry its burden of demonstrating that Defendant Smith purposefully availed itself of the privilege of conducting activities in California. Schwarzenegger, 374 F.3d at 802. Because Plaintiff cannot satisfy the first two components, the Court need not analyze the third prong of the specific jurisdiction analysis. Accordingly, the Court finds that Plaintiff has failed to meet its burden for establishing specific jurisdiction, and Defendant Smith should be DISMISSED with prejudice for lack of personal jurisdiction.

### C. Jurisdictional Discovery

In opposing the motion, Plaintiff avers that the relationship between Defendant Smith and Uppco, Inc., will become more clear after discovery is taken in the matter. Discovery should ordinarily be granted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (quoting Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). However, "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995) (internal quotations omitted); see also Boschetto, 539 F.3d at 1020 (affirming denial of request for jurisdictional discovery "based on little more than a hunch that [discovery] might yield jurisdictionally relevant facts"). Thus, limited discovery should not be permitted merely to conduct a "fishing expedition." Mackovich v. United States, No. 1:06-cv-00422-SMS (PC), 2008 WL 2053978, *1 (E.D. Cal. May 13, 2008) (denying discovery where plaintiff made "no showing that if further discovery were allowed, the outcome of the motion to dismiss would be affected") (citing Laub v. U.S. Dep't of the Interior, 342 F.3d 1080, 1093 (9th Cir. 2003)).

Here, Plaintiff has not met its burden of establishing the existence of personal jurisdiction over Defendant Smith. Plaintiff has also failed to explain how limited discovery on Defendant

Smith's and Uppco, Inc.'s relationship would reveal any facts that would give rise to personal jurisdiction. Plaintiff makes no argument that Uppco, Inc., is subject to either general or specific jurisdiction. Nor does Plaintiff rebut the sworn declaration that Uppco, Inc., did not manufacture the motor sold to Defendant Broan in California. (Doc. 6-2 at 2.) Plaintiff has therefore not established that jurisdictional discovery is justified on this basis, and the Court should not permit the speculative discovery Plaintiff seeks. See Boschetto, 539 F.3d at 1020 (holding that district court did not abuse its discretion in denying request for discovery that was based on "little more than a hunch that it might yield jurisdictionally relevant facts"); Nimbus Data Sys., Inc. v. Modus LLC, No. 14-cv-04192 NC, 2014 WL 7387200, at *7 (N. D. Cal. Dec. 29, 2014) (denying request for jurisdictional discovery "based entirely on the speculation that discovery might reveal facts that support general jurisdiction").

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Defendant Smith's motion to dismiss be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 23, 2021**         /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE

9