**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>BROAN-NUTONE LLC, et al.,<br><br>        Defendants. | Case No.: 1:21-cv-0388 JLT SKO<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT A.O. SMITH CORPORATION'S MOTION TO DISMISS<br><br>(Docs. 6, 18) |

California Capital Insurance Company asserts that a defective exhaust fan motor caused a fire at an insured property. According to Plaintiff, the motor was manufactured by A.O. Smith Corporation and installed in an exhaust fan constructed, designed, manufactured, assembled, distributed and sold by Broan-Neutone LLC. Plaintiff seeks to hold the defendants liable for the damage caused, as Plaintiff is subrogated to the rights of its insured. (*See* Doc. 1 at 12-17.) Defendant A.O. Smith Corporation asserts this Court lacks personal jurisdiction and seeks dismissal of the claims against the company pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. 6.)

On November 23, 2021, the assigned magistrate judge issued Findings and Recommendations that the motion to dismiss be granted. (Doc. 18.) In doing so, the magistrate judge noted A.O. Smith is a Delaware corporation with a principal place of business in Wisconsin. (*Id.* at 4.) The magistrate judge determined the company was "'at home' in Delaware and in Wisconsin, and subject to general

1

personal jurisdiction there," rather than California. (*Id.*) In addition, the magistrate judge found Plaintiff presented no evidence showing A.O. Smith purposefully availed itself of business with California, and there was no showing A.O. Smith "targeted California in any way with its design, manufacture, and sale of the fan motor assembly components" and the company "lack[ed] any significant contacts with California." (*Id.* at 7.) Thus, the magistrate judge concluded Plaintiff failed to show the Court had general or specific jurisdiction and recommended the motion be granted for lack of personal jurisdiction. (*Id.* at 8.)

Further, the magistrate judge noted that in opposing the motion to dismiss, Plaintiff requested jurisdictional discovery. (*See* Doc. 18 at 8.) The magistrate judge found Plaintiff "failed to explain how limited discovery… would reveal any facts that would give rise to personal jurisdiction." (*Id.* at 9.) Therefore, the magistrate judge recommended Plaintiff's request be denied. (*Id.*, citing *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Nimbus Data Sys., Inc. v. Modus LLC*, 2014 WL 7387200, at *7 (N.D. Cal. Dec. 29, 2014).)

The parties were granted thirty days from the date of service to file any objections to the findings and recommendations of the Magistrate Judge. (Doc. 18 at 9.) Thus, any objections were due no later than December 23, 2021. The parties were also "advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court." (*Id*., citing *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).) The period for filing objections has passed, and no objections were filed by either party.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), and *Britt v. Simi Valley United School Dist*., 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations are supported by the record and proper analysis. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated November 23, 2021 (Doc. 18) are adopted in full.
2. Plaintiff's request for jurisdictional discovery is **DENIED**.
3. The motion to dismiss by Defendant A.O. Smith Corporation (Doc. 6) is **GRANTED**.
4. The claims as stated in the Complaint are **DISMISSED** without prejudice as to

Defendant A.O. Smith Corporation <u>only</u>; and

5. The Clerk of Court is directed to update the docket, reflecting the dismissal of A.O. Smith Corporation as a defendant in the action.

IT IS SO ORDERED.

Dated: __**February 15, 2022**__

UNITED STATES DISTRICT JUDGE